UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DONATO APONTE-NAVEDO; BELKIS SANTIAGO-MARTINEZ<br><br>    Plaintiffs<br><br>           v.<br><br>NALCO CHEMICAL, INC.; JOHN DOE, RICHARD ROE, FREDDIE MOE, all of which are fictitious names representing employees or agents of Nalco Chemical, whose identifies are unknown at this time<br><br>    Defendants | CIVIL No. 11-1669 (CCC)<br><br>18 USC § 1030,<br>18 USC § 2510,<br>18 USC § 2701,<br>42 USC § 1985,<br>42 USC § 1988,<br><br>TORTS<br><br>TRIAL BY JURY |

**MOTION TO DISMISS UNDER RULE 12(b)(5)**

TO THE HONORABLE COURT:

Defendant, Nalco Chemical, Inc. ("Nalco"), through its undersigned counsel, and, pursuant to Federal Rule of Civil Procedure 12(b)(5), respectfully moves to dismiss the complaint for insufficient service of process as follows:

**INTRODUCTION**

Plaintiffs filed their Complaint in the instant case on July 12, 2011.  (Dkt. No. 1.)  It was not until 121 days later, on November 10, 2011, and one day after the lapse of the period provided by Rule 4(m) to effectuate service, that Plaintiffs attempted to effectuate service of process on Nalco.  Plaintiff did not request leave of Court to do so, nor have plaintiffs made a showing of good cause for the delay in service of process.  Accordingly, service of process was

14100464v.1

deficient and ineffective such that the instant complaint should be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

### DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part, that

> If a defendant is not served within 120 days after the complaint is filed, the court —on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m) (emphasis added).

As advanced above, the instant Complaint was filed on July 12, 2011. Service of process, however, was not attempted upon Nalco until November 10, 2011. In other words, after the lapse of the 120 day time limit set forth in Rule 4(m) of the Federal Rules of Civil Procedure. For all of their posturing in their Motion for Entry of Default Judgment (Dkt. No. 9) regarding strict compliance with the Federal Rules' time limitations, Plaintiffs failed to comply with the applicable rule when it comes to serving process.[1] Moreover, at no time before their belated attempt to serve process did Plaintiffs request leave from the Court to serve process late (after 120 days), nor did they make the requisite showing of good cause for their failure. We respectfully submit to the Court, it cannot constitutionally exercise personal jurisdiction over Nalco, inasmuch as it was not timely or properly served with process as provided by the Federal Rules of Civil Procedure.

---

[1] Plaintiffs' failure to serve timely process as required by Rule 4(m) further precludes them from a legitimate claim for an entry of default judgment as argued in their motion filed on January 11, 2011 (Dkt. No. 9). At any rate, Nalco will file a timely opposition to this motion detailing the reasons why such relief should not be granted by the Court.

-2-

14100464v.1

Pursuant to Rule 12(b)(5) a party may assert the defense of insufficient service of process by motion and requesting the remedy of dismissal available under Rule 4(m).  For these reasons, Nalco respectfully submits that Plaintiff's service of the summons and complaint was defective and, in the absence of good cause for the delay, the case should be dismissed for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Nalco respectfully requests that the Court dismiss Plaintiff's complaint pursuant to Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure.

**DATED:  January 17, 2012**                               Respectfully submitted,

                                                           NALCO COMPANY


                                                           By:    s/ Mariela Rexach-Rexach
                                                                    One of Their Attorneys

*Attorneys for Defendants*

Mariela Rexach Rexach **(**USDC PR No.21411)
**SCHUSTER AGUILÓ LLP**
PO Box 363128
San Juan, Puerto Rico 00936-3128
Telephone: (787) 765-4646
Telefax: (787) 765-4611
mrexach@salawpr.com

Natascha B. Riesco-Farinas (USDC-PR No. 222112)
**SEYFARTH SHAW LLP**
131 S. Dearborn Street, Suite 2400
Chicago, IL   60603
Telephone: (312) 460-5000
Fax: (312) 460-7515
nriesco@seyfarth.com

WE HEREBY CERTIFY that on this date we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

**DATED:  January 17, 2012**               NALCO COMPANY


                                           By:     s/ Mariela Rexach-Rexach
                                                   One of Their Attorneys


Aponte v. Nalco_ Edits to Draft MRX Motion to Dismiss_in Opposition to Default.DOC