IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DONATO APONTE-NAVEDO; BELKIS SANTIAGO-MARTINEZ<br>    Plaintiffs,<br><br>    V,<br><br>NALCO CHEMICAL, INC.<br>JOHN DOE, RICHARD ROE, FREDDIE MOE, all of which are fictitious names representing employees or agents of Nalco Chemical, whose identities are unknown at this time<br>    Defendants. | 11-01669-CCC<br><br>18 U.S.C. § 1030,<br>18 U.S.C. § 2510,<br>18 U.S.C. § 2701,<br>42 U.S.C. § 1985,<br>42 U.S.C. § 1988,<br><br>TORTS<br><br>TRIAL BY JURY |

**MOTION FOR EXTENTION OF TIME TO AMEND**
**THE COMPLAINT PURSUANT TO FRCP R.15(a)(1)(B)**

**COME NOW**, Plaintiffs, through their undersigned legal representation and state as follows:

**Procedural Background**

**1.** Plaintiffs filed this action on **July 12, 2011** (*See*, **ECF NO. 1**).

**2.** Service of process was made upon defendant Nalco Chemical ("Nalco") on **November 10, 2011.**

**3.** The answer was due on **December 1, 2011** which deadline was defaulted (*See*, **ECF NO.7**, Summons Returned Executed).

**4.** On **December 30th, 2011** defendant Nalco, through its legal representation, filed a "*Motion Assuming Legal Representation and Request for Extension of Time to Answer the Complaint or Otherwise Plead*" (*See*, **ECF NO. 8**).

**5.** On **January 11th, 2012**, Plaintiffs filed an "*Opposition to Motion for Extension of Time and for an Entry of Default Against Defendant Nalco*" (*See*, **ECF NO. 9**).

**6**. On **January 11th, 2012,** Plaintiffs also filed a motion for extension of time to amend the complaint pursuant to **Fed.R.Civ.P. 15(a)(1)(B)** (*See*, **ECF NO. 10**).[1]

**7.** On **January 17th, 2012,** defendant Nalco, represented by new counsel without making an appearance other than the signature of the pleading, filed a Motion to Dismiss pursuant to **Fed.R.Civ.P. 12(b)(5)**[2] (*See*, **ECF NO. 12**).

**8.** On **January 18th, 2012**, defendant Nalco filed document titled "Opposition to Motion for Entry of Default" (**ECF NO. 14**).[3]

---

[1] Since ECF Doc 9 was also treated by the Docket System as a Motion for Entry of Default (See, Image on 9, entered on 1/13/212), Plaintiffs decided to withdraw without prejudice their motion for extension of time, as it was inconsistent with a default entry that would be followed with a motion for entry of default judgment. (See, ECF NO. 11, dated January 14, 2012).

[2] Plaintiffs have until February 2, 2012 to file their response in opposition to this motion but it appears to have been denied or declared moot *sub silentio* by the Court's rulings on proceedings as noticed at ECF NO.'s 17 and 18, dated January 25, 2012.

[3] This writ, in a sense also a reply to Plaintiffs' opposition (ECF NO. 9) to Nalco's motion for extension of time to answer the complaint (ECF NO. 8), Nalco attempts to discredit the service of process effectuated upon Ms. Glendalis García, who issued a Statement Under Penalty of Perjury (ECF NO. 14-1). Plaintiffs' process server, Mr.

**9.** On **January 24th, 2012**, Plaintiffs filed a motion submitting to the Court's attention process server Mr. Aguedo de la Torre's statement under penalty of perjury clarifying the circumstances of his service of process upon Nalco through the person of Ms. Glendalis García (**ECF NO. 15 and attachments thereto**).

**10.** On **January 25th, 2012**, the Court granted Nalco's motion for extension of time (**ECF NO.8**) retroactively (citing to **Docket Entry 12**)[4], denied Plaintiffs' request for entry of default including within Plaintiffs' opposition to Nalco's motion for extension of time to answer (**ECF NO. 9**), and granted Plaintiffs' motion to withdraw <u>without prejudice</u> their motion for extension of time to amend the complaint (**ECF NO.'s 10, 11**) as a matter of course pursuant to **Fed.R.Civ.P. 15(a)(1)(B)**(*See*, **ECF NO.'s 16, and 17** as Amended at **ECF NO. 18**).

**Plaintiffs' are Entitled to Amend the Complaint**

**11. FRCP 15(a)(1) reads as follows:**

> **Rule 15. Amended and Supplemental Pleadings**
>
> (a) AMENDMENTS BEFORE TRIAL.
> (1) *Amending as a Matter of Course.* A party may amend its

---

Aguedo de la Torre, directly contradicts Ms. Garcia's improbable and self serving version with his own credible Statement Under Penalty of Perjury (ECF NO. 15-1).

[4] Docket Entry 12 is Nalco's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(5) claiming in hindsight, after waiving it by their appearance seeking time to answer in Docket Entry No. 8, that service of process, made on November 10, 2012 was one day late in regards to the120 day period contemplated under Fed.R.Civ.P. 4(m). The cited rule recognizes the Court's discretion to extend the period for good cause. The Court appears to have recognized *motu proprio* the existence of good cause, when *inter alia*, the CM-ECF system itself publicized November 14, 2012 as service due date. See, Docket Entry No. 1.

> pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

**12.** Clearly, pursuant to the above cited rule, Plaintiffs are entitled to amend its pleadings once as a matter of course, under the express provisions of **FRCP 15(a)(1)(B),** since defendant Nalco has not yet filed a responsive pleading, and Plaintiffs are within 21 days from Defendant's filing of the Motion to Dismiss at **ECF NO. 12** which took place on **January 17th, 2012.** Therefore Plaintiffs have until **February 7, 2012** to present the amendment to the complaint to which they are entitled and to which they have preserved their right to submit.

**13.** On **February 6, 2012**, Jury Trial in the related case **Civil 09-cv-1232-MEL** is scheduled to begin.

**14.** Plaintiffs request therefore an extension of 45 days from the original extension request at **Docket Entry No. 10**, up to and including **February 27th, 2012** to present their amendment to the complaint as a matter of course allowed by **Fed.R.Civ.P. 15(a)(1)(B)**.

**WHEREFORE**, in light of the above stated procedural status of this case, of the fact that the parties are facing a Pre-Trial date of **January 31, 2012** and Jury Trial scheduled to begin

4

on **February 6, 2012**, on the related case *Aponte v. Nalco,* **09-cv-1232-MEL**, and in light that defendant Nalco did not anticipate answering the complaint in the instant case until **January 30th, 2012** (i.e. 60 days from its original due date of **December 1st, 2011**) Plaintiffs seek an extension of **from this date up to and including February 27th, 2012** to Amend their pleadings as a matter of course on or before that date, and that, after granting Plaintiffs the opportunity to file their amendment, the Court enter or provide for any other order or relief it may consider appropriate under the procedural development that the instant case evidences to date.

In San Juan, Puerto Rico, on this date of **January 30, 2012**.

**s://Juan J. Martínez Rodríguez**

**JUAN JOSE MARTINEZ RODRIGUEZ
USDC PR BAR NO. 128706
ATTORNEY FOR PLAINTIFFS
PMB-570, 1353 Luis Vigoreaux Ave
Guaynabo, Puerto Rico 00966
Tel. 787-368-0310
Email: jjmartrod@yahoo.com**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on **January 30, 2011**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of interest, if any, at this stage of proceedings.

**s://Juan J. Martínez Rodríguez**
USDC PR Bar No. 128706